IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02632–PAB–KMT

JERRY DEVAUL,

      Plaintiff,

v.

TK CONSTRUCTION US, LLC,
DAVID SCHAAF, an individual in his capacity as Owner of TK Mining Services, LLC,
KEITH BUHRDORF, an individual in his capacity as Owner of TK Mining Services, LLC,
SANDVIK MINING AND CONSTRUCTION USA, LLC,
ROBERT BROWN MINING OPERATIONS,
MINING INNOVATIONS PROCUREMENT AND SALES, and
PLATEAU MINING CORPORATION,

      Defendants.

## ORDER

This matter is before the court on American Guarantee & Liability's ("American") "Second Amended[1] Motion to Intervene Pursuant to Federal Rule of Civil Procedure 24(a) and (b)." (Doc. No. 25, filed Oct. 16, 2013.) American seeks to intervene in this action pursuant to Federal Rule of Civil Procedure 24.

Rule 24(a) provides:

On timely motion, the court must permit anyone to intervene who:

    (1) is given an unconditional right to intervene by a federal statute; or

---

[1] The first and second iterations of American's Motion were stricken by District Judge Philip A. Brimmer for failure to comply with the formatting requirements of D.C.COLO.LCivR 10.1E.

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Rule 24(a)(2) thus requires intervention if (1) the application is timely; (2) the movant claims an interest related to the property or transaction which is the subject of the action; (3) the movant's interests may be impaired or impeded; and (4) the movant's interest is not adequately represented by existing parties. *United States v. Albert Inv. Co.,* 585 F.3d 1386, 1391 (10th Cir. 2009). "Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as of right." *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.,* 736 F.2d 384, 386 (7th Cir. 1984) (citing *NAACP v. New York,* 413 U.S. 345, 369 (1973)).

Under Rule 24(a)(2), an intervenor must "claim[] an interest relating to the property or transaction which is the subject of the action." While Rule 24(a) does not specify the nature of the interest required for intervention as a matter of right, the Supreme Court has held that "what is obviously meant . . . is a significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531 (1971) (superseded by statute on other grounds). The Tenth Circuit requires that the interest be "'direct, substantial, and legally protectable.'" *Utah Assoc. of Counties v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001) (quoting *Coalition of Ariz./N.M. Counties for Stable Econ. Growth v. Dep't of the Interior*, 100 F.3d 837, 840 (10th Cir. 1996)).

The court finds that intervention is warranted in this case. American has paid workers' compensation benefits to Plaintiff with respect to the injuries that form the basis of this action.

The Colorado Worker's Compensation Act provides a workers' compensation insurance carrier with a subrogation right to the proceeds received by the claimant for economic damages awarded in a third-party lawsuit against the tortfeasor.  Colo. Rev. Stat. § 8-41-203(1); *see also Hertz Corp. v. Indus. Claims Appeals Office,* 296 P.3d 338 (Colo. App. 2012).  "It has been held that where the state workmen's compensation law permits subrogation of a compensation carrier, the carrier is entitled to intervene as a matter of right." *Smith Petroleum Serv., Inc. v. Monsanto Chemical Co.,* 420 F.2d 1103, 1114-15 (5th Cir. 1970); *see also Encina v. Heat & Control, Inc.,* No. 10-cv-02156-PAB-KMT, 2011 WL 662781, at *1 (D. Colo. Feb. 11, 2011) (granting intervention under Rule 24(a)(2) by workers' compensation carrier).  There is no indication that American's motion is untimely and, for the reasons discussed, American clearly satisfies the remaining requirements of Rule 24(a)(2).  Therefore, it is

ORDERED that American's "Second Amended Motion to Intervene Pursuant to Federal Rule of Civil Procedure 24(a) and (b)" (Doc. No. 25) is GRANTED.  The Clerk of Court is directed to file American's "Second Amended Complaint in Intervention" (Doc. No. 25-1).

Dated this 19th day of November, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge