IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02632–PAB–KMT

JERRY DEVAUL,

    Plaintiff,

v.

TK CONSTRUCTION US, LLC,
DAVID SCHAAF, an individual in his capacity as Owner of TK Mining Services, LLC,
KEITH BUHRDORF, an individual in his capacity as Owner of TK Mining Services, LLC,
SANDVIK MINING AND CONSTRUCTION USA, LLC,
ROBERT BROWN MINING OPERATIONS,
MINING INNOVATIONS PROCUREMENT AND SALES, and
PLATEAU MINING CORPORATION,

    Defendants.

# ORDER

This matter is before the court on Plaintiff's "Unopposed Motion to Stay Discovery and Initial Disclosures until After the Court has Ruled Regarding Plaintiff's Motion to Remand." (Doc. No. 54, filed Dec. 6, 2013.) For the following reasons, Plaintiff's Motion to Stay is GRANTED.

Plaintiff's Complaint was originally filed in state court—specifically, the District Court for Las Animas County, Colorado—on September 3, 2013. (*See* Compl., Doc. No. 3.) On September 26, 2013, Defendants removed the case to this court. (*See* Notice of Removal, Doc. No. 1.) In their Notice of Removal, Defendants maintain that the court has jurisdiction under 28

U.S.C. § 1442(a) and that, therefore, removal was appropriate.

The same day this action was removed, Plaintiff filed a Motion to Remand arguing that 28 U.S.C. § 1442(a) does not govern on the facts of this case and, as a consequence, that this court lacks jurisdiction and should remand to the state court. (Doc. No. 7.) In his present Motion, Plaintiff seeks to stay discovery in this action until a ruling is issued on the Motion to Remand.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .
>
> Fed. R. Civ. P. 26(a).

A stay of discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936).

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at*2 (D. Colo. Mar. 2,

2

2007) (unpublished). Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, 198 (3d ed.2010). Courts have routinely recognized that discovery may be inappropriate where the court's jurisdiction is at issue. *See Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs.*, LLC, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

When considering a stay of discovery, the court considers and weighs the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug.6, 1987) (unpublished) (citing cases).

Because Plaintiff filed the present motion and Defendants do not oppose a stay, the first and second factors do not weigh heavily in the court's analysis. Nevertheless, the court finds that proceeding with discovery would burden both parties if the court forced them to proceed with discovery only to have the case remanded to state court based on a lack of subject matter jurisdiction. *Cf. String Cheese*, 2006 WL 894955, at *2 (finding "that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him

to undue burden or expense, particularly if the motion to dismiss is later granted."). For similar reasons, the court finds its own convenience also favors a stay; any inconvenience in rescheduling the docket is outweighed by the risk of proceeding with discovery in the absence of jurisdiction. *See also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation omitted).

Finally, the interests of non-parties and the public do not prompt the court to reach a different result. Therefore, having balanced the appropriate factors, the court finds that a stay of discovery is appropriate in this case. Accordingly, it is

ORDERED that Plaintiff's "Unopposed Motion to Stay Discovery and Initial Disclosures until After the Court has Ruled Regarding Plaintiff's Motion to Remand" (Doc. No. 54) is GRANTED. All discovery in this case, including the exchange of initial disclosures, is STAYED pending ruling on Plaintiff's Motion to Remand. The Scheduling Conference set for December 16, 2013 is VACATED. No later than seven (7) days after a ruling on Plaintiff's Motion to Remand, should any portion of this case remain pending in this court, the parties shall

file a joint status report advising whether the stay should be lifted and whether the Scheduling Conference should be reset.

Dated this 11th day of December, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge