IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02632-PAB-KMT

JERRY DEVAUL,

     Plaintiff,

v.

TK MINING SERVICES L.L.C.;
DAVID SCHAAF, an individual in his capacity as Owner of TK Mining Services, L.L.C.;
KEITH BUHRDORF, an individual in his capacity as Owner of TK Mining Services, L.L.C.;
SANDVIK MINING AND CONSTRUCTION USA, L.L.C.;
ROBERT BROWN MINING OPERATIONS, MINING INNOVATIONS PROCUREMENT AND SALES; and
PLATEAU MINING CORPORATION,

     Defendants.

---

**ORDER**

---

     This matter is before the Court on the Motion for Reconsideration of Order Concerning Plaintiff's Motion to Remand [Docket No. 69] filed by defendants TK Mining Services L.L.C., David Schaaf, and Keith Buhrdorf (collectively, "TK Mining"). TK Mining removed this action for spoliation of evidence on September 26, 2013, alleging that the Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1442(a). Docket No. 1 at 1. On January 15, 2014, the Court granted the motion to remand [Docket No. 7] filed by plaintiff Jerry DeVaul. Docket No. 67.

     The January 15, 2014 Order was based on TK Mining's failure to set forth a colorable federal defense in its Notice of Removal. Docket No. 67; *see* 28 U.S.C. § 1442(a)(1). Specifically, the Court found that plaintiff's complaint was based on

modifications that TK Mining allegedly made to a piece of mining equipment[1] after

plaintiff sent TK Mining a letter indicating that the equipment had evidentiary value in a

separate lawsuit and requesting that it be preserved.  Docket No. 67 at 6-7.  In its

Notice of Removal, TK Mining stated that the "only alterations TK Mining made to the

scoop were compelled by order of [the Mining Safety and Health Administration

("MSHA")]."  Docket No. 16 at 5.  In addition, TK Mining moved for an evidentiary

hearing in which it sought to show that "TK performed no alterations to the braking

system after the MSHA inspection was completed on or about October 20, 2011, and

prior to the inspection of the Scoop by Plaintiff's experts in March, 2012."  Docket No.

39 at 3, ¶ 4.  As the Court explained, the contention that TK Mining did not perform any

alterations to the scooptram after a certain date is not a federal defense and thus does

not establish a basis for removal jurisdiction.  *See* Docket No. 67 at 7-8.

    TK Mining now moves the Court to reconsider its January 15, 2014 Order.

Docket No. 69.  TK Mining argues that its previous filings focused on modifications

made to the braking system of the scooptram because the braking system is the focus

of plaintiff's complaint.  *Id.* at 2, ¶ 2.  TK Mining states that the "only modifications

relating to the brake systems of the Scoop were made . . . under the direction of

MSHA."  *Id*. at 2-3, ¶ 3.  TK Mining concedes that the complaint contains additional

allegations regarding alterations made to "mechanical and hydraulic parts, which are

affixed" to the scooptram.  *Id*. at 3, ¶ 4 (citing Docket No. 3 at 8, ¶ 74).  However, TK

---

[1]The equipment in question is a scooptram, which is a "trackless, low profile
diesel powered vehicle used to transport earth and ore in underground mines."
*Hollinger v. Wagner Mining Equip. Co.*, 667 F.2d 402, 403 n.1 (3d Cir. 1981).

Mining now states, for the first time, that, had the Court held an evidentiary hearing, TK

Mining would have "shown that there was additional direction from MSHA to make

modifications to the Scoop *totally unrelated to the braking systems*, and that while these

modifications were made after [October 20, 2011], they were still completed at the

direction of MSHA."  Docket No. 69 at 3, ¶ 6 (emphasis in original).  In support of this

new assertion, TK Mining submits a Daily Cover Sheet purportedly prepared by an

MSHA inspector on October 19, 2011, which lists a number of problems with the

scooptram.  Docket No. 69-1.  TK Mining contends that this document "lists several

alterations requested by MSHA in order for the Scoop to be in compliance with MSHA

requirements."  Docket No. 69 at 3, ¶ 7.  TK Mining asserts that it did not mention the

post-October 20, 2011 modifications allegedly ordered by the MSHA in its Notice of

Removal because "they appeared to be unrelated to Plaintiff's alleged damages" and

argues that "TK Mining should not be penalized for Plaintiff's vague and inaccurate

allegations."  *Id*. at 4, ¶ 9.

"[A]n order remanding a case to the State court from which it was removed

pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or

otherwise."  28 U.S.C. § 1447(d).

A party may move to alter or amend the final judgment of a district court under

Federal Rule of Civil Procedure 59 within 28 days after the entry of judgment.  Fed. R.

Civ. P. 59(e); *see Middlebrooks v. Godwin Corp.*, 279 F.R.D. 8, 11 n.3 (D.D.C. 2011)

(reviewing motion for reconsideration of remand under Federal Rules of Civil Procedure

59 and 60).  In this case, judgment entered on January 15, 2014 and TK Mining filed its

motion for reconsideration on January 27, 2014.  Accordingly, TK Mining's motion is

timely.  In order to succeed on a motion brought pursuant to Rule 59, a party must show either "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  The rule does not, however, provide a license to revisit arguments that were already addressed or to advance new arguments that could have been raised but were not.  *Id.*  The decision to grant or deny a Rule 59 motion is committed to the Court's discretion.  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

A party may also seek relief from a final order or judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect" pursuant to Rule 60(b)(1); *see Disher v. Citigroup Global Markets, Inc.*, 486 F. Supp. 2d 790, 795 (S.D. Ill. 2007) (reviewing motion to reconsider remand order under Rule 60).  The rule "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts."  *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (emphasis in original).  A motion pursuant to Rule 60(b)(1) must be filed "within a reasonable time . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c).

A party is entitled to relief from judgment under Rule 60(b)(1) where "a party has made an excusable litigation mistake."  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996).  Relief on the basis of mistake is not appropriate where "the mistake was the result of a deliberate and counseled decision by the party" or where a

4

party "simply misunderstands the legal consequences of his deliberate acts." *Id.* at 577.

Nor does Rule 60(b)(1) "allow a party merely to reargue an issue previously addressed

by the court when the reargument merely advances new arguments or supporting facts

which were available for presentation at the time of the original argument." *Id.*  Instead,

a party may use the rule to obtain relief from "litigation mistakes that a party could not

have protected against, such as the party's counsel acting without authority of the party

to that party's detriment." *Id.*

The Court does not credit TK Mining's assertion that it did not fully grasp the

nature of plaintiff's allegations.  The complaint clearly alleges that TK Mining made

modifications to the scooptram after plaintiff sent the November 23, 2011 letter

requesting preservation of the scooptram.  *See* Docket No. 3 at 8, ¶ 71.  In addition,

plaintiff's motion to remand discusses the modifications that TK Mining allegedly made

to certain "mechanical and hydraulic parts that are attached" to the scooptram.  Docket

No. 7 at 3.  Given plaintiff's consistent, straightforward explanation of his claims, TK

Mining's failure to address the non-braking modifications allegedly made to the

scooptram after October 20, 2011 cannot be classified as a litigation oversight.

Furthermore, TK Mining's contention that it had a good faith basis for removal

because "[a]ll of the modifications to the Scoop, even those made after [October 20,

2011], were made at the direction of the MSHA," Docket No. 69 at 5, is a new argument

that could have been raised in the Notice of Removal but was not.  *See Servants of the

Paraclete*, 204 F.3d at 1012.  Thus, it does not fall within the scope of Rule 59.  TK

Mining does not argue that its Notice of Removal was the product of something other

than a "deliberate and counseled decision" and thus it is beyond the reach of Rule 60.

*See Cashner*, 98 F.3d at 577.  As TK Mining has not provided a basis for reconsidering

the January 15, 2014 Order, it is

**ORDERED** that the Motion for Reconsideration of Order Concerning Plaintiff's

Motion to Remand [Docket No. 69] filed by defendants TK Mining Services L.L.C.,

David Schaaf, and Keith Buhrdorf is DENIED.

DATED February 14, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge