IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02632-PAB-KMT

JERRY DEVAUL,

    Plaintiff,

v.

TK MINING SERVICES L.L.C.;
DAVID SCHAAF, an individual in his capacity as Owner of TK Mining Services, L.L.C.;
KEITH BUHRDORF, an individual in his capacity as Owner of TK Mining Services, L.L.C.;
SANDVIK MINING AND CONSTRUCTION USA, L.L.C.;
ROBERT BROWN MINING OPERATIONS, MINING INNOVATIONS PROCUREMENT AND SALES; and
PLATEAU MINING CORPORATION,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion and Notice of Filing of Fee Application [Docket No. 71] filed by plaintiff Jerry DeVaul. On January 15, 2014, the Court granted [Docket No. 67] plaintiff's motion to remand [Docket No. 7] and awarded plaintiff his reasonable attorney's fees and costs expended in preparing the motion to remand and responding to the related motions. Plaintiff seeks an award of $8,222.50 in fees and $139.14 in expenses.[1]  Docket No. 71-1 at 4, ¶ 7. Defendants TK Mining Services L.L.C., David Schaaf, and Keith Buhrdorf (collectively, "defendants") contend that this amount should be reduced. Docket No. 73.

---

[1] Plaintiff indicates that the reference to a larger amount in his counsel's affidavit is unintentional. Docket No. 74 at 4.

To fix a reasonable fee award, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

## A. Reasonable Hours

Plaintiff seeks fees for 36.6 hours of work.[2] Docket No. 71-1 at 4, ¶ 9. Defendants argue that this amount is unreasonable and the Court should deny fees for time spent by different attorneys on the same tasks or should impose an across-the-board reduction to twenty billable hours. Docket No. 73.

The party claiming fees "has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks," *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998), as well as demonstrating that counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). If a request does not demonstrate billing judgment, a court should take extra

---

[2]Plaintiff indicates that previous filings include incomplete estimates of the amount of hours his counsel worked on this case, *see* Docket No. 74 at 3; accordingly, the Court will consider only the affidavit of plaintiff's counsel, Docket No. 71-1, in determining an appropriate fee award.

care to ensure that an attorney has not included unjustified charges in his billing statement. *Id.*

"A district court may further reduce the hours awarded if the number of hours claimed by counsel includes time for tasks that were unnecessary, irrelevant and duplicative." *Id*. at 1258. "There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Anchondo v. Anderson, Crenshaw & Assocs, L.L.C.*, 616 F.3d 1098, 1105 n.6 (10th Cir. 2010) (citation omitted) (finding that attorneys' records "reflect[ed] efficient cooperation, rather than redundancy").

A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering. *Praseuth*, 406 F.3d at 1257. Ultimately, the Court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same services in an open market and fees will be denied for excessive, redundant, and otherwise unnecessary expenses. *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983), overruled on other grounds by *Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n. 4 (1987).

However, "the district court need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (citing *Mares v. Credit Bureau of Raton*,

801 F.2d 1197, 1203 (10th Cir. 1986)); *see also Fox. v. Vice*, --- U.S. ----, ----, 131 S.Ct. 2205, 2216 (2011) ("trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.").

Defendants argue that the Court should reduce the total number of billable hours to twenty, as did another court in this district when awarding fees for a successful motion to remand. *See Casey v. Williams Production RMT Co.*, 599 F. Supp. 2d 1253, 1256 (D. Colo. 2009). In that case, the defendants had removed the case to federal court after the statutory thirty-day deadline had passed. *Id*. at 1254; 28 U.S.C. § 1446(b). The defendants then opposed plaintiffs' motion to remand, causing unnecessary delay and expense. *Id*. The plaintiffs sought fees for 35.75 hours of work on the motion to remand. *Id*. at 1255. The court found that this amount was unreasonable, given the "simplicity and well-established nature" of the legal issue involved and the plaintiffs' counsel's thirty years of experience practicing in federal court. *Id*. at 1256 ("An attorney with Mr. Dally's experience should be sufficiently familiar with the laws regarding removal and federal jurisdiction to research and draft a motion for remand in less than 35.75 hours."). The court found that twenty hours was sufficient time to "thoroughly investigate the opposition's papers and the relevant legal precedent and strive to produce competent and compelling work product." *Id*.

This case is unlike *Casey*. The legal issues involved were not routine, but required plaintiff to determine whether the notice of removal asserted a "colorable federal defense." Docket No. 67 at 3-4. This task was complicated by the fact that

defendants "mischaracterized plaintiff's allegations" and the attached exhibits. *Id*. at 9. In addition, defendants filed two additional motions that required a response. Docket Nos. 36 (Motion to Strike Declaration of Keith Scranton) and Docket No. 39 (Motion Requesting Oral Argument and Evidentiary Hearing on Plaintiff's Motion to Remand). That the Court ultimately denied defendants' motion to strike as moot, Docket No. 67 at 10, does not, as defendants argue, "indicate[] defendants had a good faith basis for filing their motion to strike the declaration." Docket No. 73 at 4. The motion to strike, part of defendants' overall strategy in opposing remand, further prolonged the proceedings and added to plaintiff's costs. In sum, the Court finds nothing inherently unreasonable in the hours plaintiff's counsel expended moving to remand and responding to defendants' additional motions. *See also Franklin D. Azar & Assocs., P.C. v. Farmers Ins. Exchange*, No. 13-cv-00658-CMA-CBS, 2013 WL 5430779, at *2 (D. Colo. Sept. 26, 2013) (finding that 28.1 hours was not an unreasonable amount of time to bill for moving to remand a case that was "unusually complex because of its basis in a novel theory").

Defendants further argue that plaintiff inappropriately billed for the same task to be performed by different attorneys. Docket No. 73 at 4. Specifically, defendants argue that the Court should (1) deny the time requested by Mr. Azar and Mr. Markel for reviewing documents because there is no entry for discussing these documents with more junior attorneys; and (2) deny the time spent by one of the two attorneys who billed for reviewing defendants' response to the motion to remand and researching, drafting, and revising plaintiff's reply. *Id*.

Plaintiff argues that it is "not uncommon that more junior attorneys work on

research and drafting and then seek review and okay of senior attorneys prior to filing motions or responses." Docket No. 74 at 3.

Time records indicate that Mr. Parrott spent 10.1 hours drafting a reply regarding the motion to remand and Mr. Scranton spent 4.4 hours researching the reply and reviewing and revising Mr. Parrott's draft. Docket No. 71-2 at 2-3. The Court finds that it is reasonable for senior attorneys to review and edit the work of junior attorneys and that plaintiff's billing records reflect productive collaboration, as opposed to needless duplication. *See Anchondo*, 616 F.3d at 1105 n.6. However, the Court will deny fees for .5 hours spent on "Remand reply" because this entry is too vague to determine whether this work is duplicative. Docket No. 71-2 at 2. In addition, the Court will deny fees for time spent filing or e-filing documents, because filing is a non-compensable clerical task. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989).

Accordingly, the Court will award fees for 35.5 hours of work.

### B.  Reasonable Rate

Plaintiff requests attorney's fees at the rate of $200 per hour for Mr. Scranton, $250 per hour for Mr. Parrott, and $275 per hour for Mr. Azar and Mr. Markel. Docket No. 71-1 at 8, ¶ 9. Defendants do not object to the rates requested. Docket No. 73 at 3.

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy*, 73 F.3d at 1018. The party requesting fees bears "the burden of showing that the requested rates are in line with

those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).  In order to satisfy his burden, plaintiff must produce "satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984).

In support of the rates requested by plaintiff's counsel, Mr. Azar declares that these rates "are reasonable for attorneys of their experience and background in Colorado." Docket No. 71-1 at 6, ¶ 14.  Mr. Azar states that he and Mr. Markel have been practicing law for over thirty years, Mr. Scranton has been practicing law for four years and is the head of the firm's class action department, and Mr. Parrott has been practicing commercial, complex, and class action litigation for approximately nine years. *Id.* at 7-8, ¶¶ 16-19.

The Court finds that the requested rates are reasonable, given the experience of the attorneys, the nature of the case, and the prevailing market rates in the local market.  *See Hitchens v. Thompson Nat'l Properties, LLC*, No. 12-cv-02367-LTB-BNB, 2014 WL 2218094, at *2 (D. Colo. May 29, 2014) (reasonable for Denver attorney with eight years of experience to charge $250 per hour and for attorneys with twenty years of experience to charge $405 per hour); *Scott v. City and County of Denver*, No. 12-cv-00053-MSK-BNB, 2014 WL 287558, at *2 (D. Colo. Jan. 27, 2014) ("the prevailing rates in Denver for experienced litigators approach $400 per hour in recent years" and associates with eight years of experience in the Denver metro area charge between $150 and $260 per hour).

### C. Expenses

Plaintiff requests $139.14 in expenses for conducting legal research. Docket No. 71-1 at 4, ¶ 7. Plaintiff submits internet research account records in support of this request. Docket No. 71-3. Defendants do not object to this request. Docket No. 73. The Court finds that this request is reasonable. *See Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1258 (10th Cir. 1998) (district court did not abuse discretion in awarding $4,250.25 for legal research costs).

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion and Notice of Filing of Fee Application [Docket No. 71] filed by plaintiff Jerry DeVaul is GRANTED in part. Plaintiff is awarded $8,002.50 in reasonable attorney's fees and $139.14 in expenses.

DATED August 6, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge